UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ALVAREZ,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL SMELESKY, Warden,<br><br>　　　　　　　　　　Respondent. | Civil No.   08cv2422-L (CAB)<br><br>**REPORT AND RECOMMENDATION TO DISMISS PETITION AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244(b)** |

Petitioner, a state prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  On its own motion, this Court **RECOMMENDS** that the Petition be **DISMISSED** for failure to comply with the Court's previous order and because it is a second or successive petition under 28 U.S.C. § 2244(b).

**I.  BACKGROUND**

On September 9, 2008, Petitioner filed this federal Petition in the Central District of California. [Doc. No. 1.]  On December 29, 2008, the Petition was transferred to this district, because Petitioner was currently incarcerated at Centinela State Prison in Imperial, California, which is within the jurisdictional boundaries of this district, and because Petitioner was challenging a conviction in San Diego County Superior Court.  The court found that venue was improper in the Central District and transferred the case to this district.  [Doc. No. 4.]  On January 9, 2009, Judge Lorenz dismissed the case without prejudice for: 1) failure to pay the filing fee; and 2) failure to use the proper form.  [Doc. No. 8.]  Judge Lorenz found that Petitioner was challenging the same conviction he had challenged in a previously filed federal

petition, case no. 06cv2112-WQH (JMA).  Petitioner was instructed to do the following no later than March 16, 2009: 1) pay the $5.00 filing fee or submit adequate proof of his inability to pay; and 2) file a first amended petition on a court-approved form stating that he is challenging a different state conviction than the one previously challenged in case no. 06cv2112-WQH (JMA) OR file a first amended petition on a court-approved form along with an order from the Ninth Circuit stating that Petitioner has leave to file a successive petition with this Court challenging the same state conviction.  [*Id.* at 3.]  On February 19, 2009, Petitioner filed a motion for leave to proceed in forma pauperis.  [Doc. No. 10.]  The Court granted that motion on March 5, 2009.  [Doc. No. 11.]

As of the date of this Report and Recommendation, however, Petitioner has not filed a first amended petition per the instructions set out in the Court's order.  It appears the operative Petition is challenging the same conviction as the one Petitioner previously challenged in case no. 06cv2112-WQH (JMA).  As discussed below, this Court finds that the instant Petition is a "second or successive" petition under 28 U.S.C. § 2244(b).  The Ninth Circuit has not authorized the filing of this second Petition.  Further, this Petition asserts the same claims already rejected by this Court in a previous petition.  Therefore, the Petition should be **DISMISSED**.

## II.  DISCUSSION

When a federal habeas petitioner proceeds to judgment on the merits of claims presented with respect to a particular conviction, any later filed habeas corpus petition attacking that same conviction is considered a "second or successive" petition.  *Slack v. McDaniel*, 529 U.S. 473, 486-88 (2000).  Under such circumstances, a petitioner is required to obtain authorization from the court of appeals to file a second or successive petition in the district court.  28 U.S.C. § 2244(b)(3).  Such authorization requires a petitioner to make a prima facie showing to the court of appeals that he has satisfied the requirements of § 2244(b)(2), *i.e.*, that his claim is either based on a new rule of constitutional law made retroactive by the Supreme Court, or on the discovery of new, material evidence.  28 U.S.C. § 2244(b)(2).

On September 28, 2006, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court challenging his conviction in San Diego Superior Court case no. SCD 174061 for two counts of first degree residential burglary.  (Case No. 06cv2112-WQH (JMA) [Doc. No. 1].)  That petition was denied on the merits on August 10, 2007.  (*Id.* [Doc. No. 12].)  Petitioner filed a Notice of Appeal, and

on August 1, 2008, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (*Id.* [Doc. No. 23].) Although the instant Petition is not entirely clear, from what the Court can discern, Petitioner is unhappy with the Ninth Circuit's denial of the certificate of appealability in the previous case. In this Petition, Petitioner complains of due process violations, insufficiency of evidence and ineffective assistance of counsel. [Pet. 4, 14-19.][1] These are the same claims he brought in his previous habeas corpus petition. (Case No. 06cv2112-WQH (JMA) [Doc. Nos. 1 & 11].) He refers to a trial in state court in which he was convicted of burglary [Pet. 14], and he attaches documents from the previous habeas corpus petition he filed in case no. 06cv2112-WQH (JMA). Because the current Petition challenges the same conviction as the one challenged in a previous habeas corpus petition, this Petition is a "second or successive" petition under 28 U.S.C. § 2244(b).

Ordinarily this Court would transfer a second or successive petition erroneously filed with the district court to the Ninth Circuit for its "gatekeeper" review under § 2244(b)(3). *See* Ninth Cir. R. 22-3(2). But under § 2244(b) only "new" habeas corpus claims are subject to review in a second or successive habeas proceeding, if authorization is granted under § 2244(b)(3). Here, Petitioner is asserting the same claims that he has already asserted in a previous federal habeas corpus petition. Under § 2244(b)(1), a claim presented in a second or successive habeas corpus petition that was presented in a prior petition should be dismissed. The Court finds that all of the claims presented in the instant Petition were already presented—and rejected—in a prior petition. Accordingly, this Court **RECOMMENDS** that the instant Petition be **DISMISSED WITH PREJUDICE**.

### III. CONCLUSION

After thorough review of the record in this matter and based upon the above discussion, this Court **RECOMMENDS** that the Petition for Writ of Habeas Corpus be **DISMISSED WITH PREJUDICE**. This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **August 17, 2009**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

---

[1] Citations to pages in the Petition refer to the page numbers assigned by CM/ECF.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **ten days after being served with the objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge